David v Singletary (2020 NY Slip Op 01322)





David v Singletary


2020 NY Slip Op 01322


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
BETSY BARROS, JJ.


2019-00707
 (Index No. 518164/17)

[*1]Crystal David, respondent, 
v
Tremayne Singletary, appellant.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated May 31, 2018. The order denied the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the validity of service of process upon the defendant, and for a new determination thereafter of the defendant's motion.
The plaintiff and the defendant allegedly were involved in a motor vehicle collision in October 2014. Nearly three years later, the plaintiff commenced this personal injury action against the defendant. The defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. The Supreme Court denied the motion, and the defendant appeals.
Pursuant to CPLR 3211(a)(8), "[a] party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . the court has not jurisdiction of the person of the defendant." Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174). " [T]he failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void'" (Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889, quoting McMullen v Arnone, 79 AD2d 496, 499).
"CPLR 308 sets forth the different ways in which service of process upon an individual can be effected in order for the court to obtain jurisdiction over that person" (Washington Mut. Bank v Murphy, 127 AD3d at 1174). In pertinent part, CPLR 308(2) provides that personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business" (see CitiMortgage, Inc. v Twersky, 153 AD3d 1230, 1231-1232).
A process server's affidavit of service constitutes prima facie evidence of proper service (see Rolling Acres Developers, LLC v Montinat, 166 AD3d 696, 697). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavit" (Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 764 [citation and internal quotation marks omitted]; see U.S. Bank Natl. Assn. v Aorta, 176 AD3d 755, 756).
Here, the process server's affidavit set forth that substituted service pursuant to CPLR 308(2) was made upon a person of suitable age who identified herself as a cotenant of the defendant at his dwelling, and by mailing a copy of the summons and complaint to the same address.
In opposition, the defendant averred, inter alia, that he had moved away from the address at issue in the months following the collision, and that he had resided at the new residence since that time. This submission was sufficient to rebut the prima facie showing of proper service, and to necessitate a hearing (see U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1016). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine the validity of service of process upon the defendant, and for a new determination thereafter of the defendant's motion.
MASTRO, J.P., BALKIN, LEVENTHAL and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court