Brownstone Capital NY, LLC v Lindsay (2020 NY Slip Op 02757)





Brownstone Capital NY, LLC v Lindsay


2020 NY Slip Op 02757


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-12420
 (Index No. 522709/16)

[*1]Brownstone Capital NY, LLC, respondent,
v
Horace Lindsay, appellant.


Juan Paolo F. Dizon, Long Island City, NY (Alexander Krul of counsel), for appellant.
Goldberg Weg & Markus PLLC, New York, NY (Steven A. Weg of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated September 20, 2018. The order, insofar as appealed from, denied those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate a judgment of the same court dated February 26, 2018, entered upon an order of the same court dated February 1, 2018, granting the plaintiff's motion for leave to enter a default judgment upon the defendant's failure to appear or answer the complaint, and the order dated February 1, 2018, and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
ORDERED that the order dated September 20, 2018, is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of whether the defendant was properly served with process pursuant to CPLR 308(2), and thereafter a new determination of those branches of his motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment dated February 26, 2018, and the order dated February 1, 2018, and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
In December 2016, the plaintiff commenced this action against the defendant, inter alia, for specific performance of a contract for the sale of real property located on Eldert Street in Brooklyn. The plaintiff purportedly served the defendant pursuant to CPLR 308(2) by delivering the summons and complaint to a person of suitable age and discretion at the defendant's alleged dwelling place on Miller Avenue in Brooklyn, and by mailing the summons and complaint to the same address. The defendant failed to appear or answer the complaint. In an order dated February 1, 2018, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment. A judgment dated February 26, 2018, was entered in favor of the plaintiff and against the defendant.
The defendant moved, among other things, in effect, pursuant to CPLR 5015(a)(4) [*2]to vacate the default judgment and the order dated February 1, 2018, and pursuant to CPLR 3211(a)(8) to dismiss the complaint on the ground that he was never properly served. In support of the motion, the defendant submitted his affidavit, in which he averred he was a resident of Florida and denied residing at the address in Brooklyn listed in the process server's affidavit. The defendant also submitted, inter alia, copies of insurance and utility bills, a tax return, and a driver license to establish his residence in Florida. In an order dated September 20, 2018, the Supreme Court denied the defendant's motion. The defendant appeals.
"The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173-1174 [citations omitted]).
Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service (see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988; Wells Fargo Bank, N.A. v Leonardo, 167 AD3d 816, 817). To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service (see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d at 988; Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776). Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing (see Federal Natl. Mtge. Assn. v Alverado, 167 AD3d at 988; U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155).
Here, the defendant's sworn, detailed, and specific statements that when service was made, he no longer resided at the Brooklyn address recited in the affidavit of service, and the documentary evidence that the defendant submitted in support of his motion, were sufficient to rebut the presumption of proper service established by the affidavit of service (see CPLR 308[2]; Aurora Loan Servs., LLC v Gaines, 104 AD3d 885, 887; Sileo v Victor, 104 AD3d 669, 670; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1016; Engel v Boymelgreen, 80 AD3d 653, 655). Therefore, an evidentiary hearing on the issue of whether service was properly effected pursuant to CPLR 308(2) was required (see Board of Mgrs. of Oceana Condominium No. Two v Medianik, 170 AD3d 793, 794). Accordingly, we remit the matter to the Supreme Court, Kings County, for a hearing to determine whether the defendant was properly served with process, and thereafter a new determination of those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the judgment dated February 26, 2018, and the order dated February 1, 2018, and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court