PennyMac Corp. v Barbosa (2020 NY Slip Op 07211)





PennyMac Corp. v Barbosa


2020 NY Slip Op 07211


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-07582
 (Index No. 17954/10)

[*1]PennyMac Corp., appellant, 
v
Edgar Barbosa, etc., respondent, et al., defendants.


Blank Rome LLP, New York, NY (Jacquelyn A. DiCicco, Diana M. Eng, and Andrea Roberts of counsel), for appellant.
Brian McCaffrey, Attorney at Law, P.C., Jamaica, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals, by permission, from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered April 23, 2018. The order, insofar as appealed from, granted the cross motion of the defendant Edgar Barbosa pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him to the extent of directing a hearing to determine the validity of service of process.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This is an action to foreclose a mortgage on property located in College Point (hereinafter the subject property). The action was commenced in July 2010. According to an affidavit of service, on August 6, 2010, at 11:20 a.m., the summons and complaint were served upon the defendant Edgar Barbosa pursuant to CPLR 308(4). Barbosa neither appeared in the action nor answered the complaint. In an order dated December 8, 2014, the plaintiff was granted an extension of time to serve Barbosa pursuant to CPLR 306-b.
Pursuant to that order, Barbosa allegedly was served with process at the subject property on February 11, 2015, pursuant to CPLR 308(2) by leaving the summons and complaint with a person of suitable age and discretion at the subject property and mailing the summons and complaint to the subject property, which was his purported dwelling place or usual place of abode. Barbosa did not serve an answer to the complaint, but he and/or his attorney appeared for mandatory settlement conferences.
On May 24, 2017, the Supreme Court issued an order of reference, which did not indicate whether Barbosa was in default. The plaintiff then moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. Barbosa cross-moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an affidavit submitted in support of his cross motion, Barbosa averred that during the relevant time period when service was allegedly effected, he did not reside at the subject property and resided at his mother's residence in Kew Gardens. In support of this assertion, Barbosa submitted affidavits of his wife and his mother in which they attested to his residing with his mother during the relevant time period. The court granted Barbosa's cross motion to the extent of directing a hearing to determine the validity of service of process on Barbosa and held [*2]the plaintiff's motion in abeyance pending the outcome of the hearing. The plaintiff appeals by permission.
We reject the plaintiff's contention that Barbosa waived his personal jurisdiction defense as a result of participation in mandatory settlement conferences (see HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 867), since that participation did not constitute active litigation of the action or participation in the action on the merits (see id. at 867). Since Barbosa was not held in default, we also reject the plaintiff's contentions that he is barred from asserting his lack of personal jurisdiction defense either pursuant to the law of the case doctrine or due to a failure to seek vacatur of his default pursuant to CPLR 5015(a)(4).
"Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (FV-1, Inc. v Reid, 138 AD3d 922, 923; see Wells Fargo Bank, NA v Spaulding, 177 AD3d 817, 819). "The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process. In those instances in which process has not been served upon a defendant, all subsequent proceedings will be rendered null and void" (Federal Natl. Mtge. Assn. v Alverado, 167 AD3d 987, 988 [internal quotation marks omitted]). "A defendant's eventual awareness of pending litigation will not affect the absence of jurisdiction over him or her where service of process is not effectuated in compliance with CPLR 308. Thus, a defect in service is not cured by the defendant's subsequent receipt of actual notice of the commencement of the action" (FV-1, Inc. v Reid, 138 AD3d at 923 [citation and internal quotation marks omitted]).
Ordinarily, a process server's affidavit of service constitutes prima facie evidence of valid service (see American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d 1004, 1005; Velez v Forcelli, 125 AD3d 643, 644). A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit (see Matter of Romero v Ramirez, 100 AD3d 909, 910; Scarano v Scarano, 63 AD3d 716, 716). In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service (see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985; Machovec v Svoboda, 120 AD3d 772).
Here, contrary to the plaintiff's contention, since Barbosa's sworn denial of receipt of process contained specific facts to rebut the statements in the affidavit of service, the presumption of proper service was rebutted, and we agree with the Supreme Court's determination to direct a hearing to determine whether he was properly served (see FV-1, Inc. v Reid, 138 AD3d at 924; Velez v Forcelli, 125 AD3d at 644).
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court