Wells Fargo Bank, N.A. v Rinderman (2021 NY Slip Op 00325)





Wells Fargo Bank, N.A. v Rinderman


2021 NY Slip Op 00325


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-06326
 (Index No. 130387/12)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Leunora Rinderman, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Peter T. Roach & Associates, P.C., Syosset, NY (Michael C. Manniello of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Leunora Rinderman appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated October 28, 2016. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court (Judith N. McMahon, J.) dated September 10, 2014, upon her failure to appear or answer the complaint and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for a hearing to determine whether the defendant Leunora Rinderman was properly served with process and a new determination thereafter of those branches of her motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
In May 2012, the plaintiff commenced this action to foreclose a mortgage against the defendant Leunora Rinderman (hereinafter the defendant), among others. The defendant allegedly was served at the mortgaged premises pursuant to CPLR 308(2), and she neither appeared nor answered the complaint. On September 10, 2014, the Supreme Court issued a judgment of foreclosure and sale upon the defendant's failure to appear or answer. Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In an order dated October 28, 2016, the court, inter alia, denied those branches of the defendant's motion, and the defendant appeals.
CPLR 308(2) provides that personal service upon a natural person may be made "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by . . . mailing the summons to the person to be served at his or her last known residence" (see Nationstar Mtge., LLC [*2]v Kamil, 155 AD3d 966, 967). "While [a] process server's sworn affidavit of service ordinarily constitutes prima facie evidence of proper service, where there is a sworn denial that delivery to the defendant was accomplished, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing" (Toyota Motor Credit Corp. v Lam, 93 AD3d 713, 714 [citations and internal quotation marks omitted]). "In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 998 [internal quotation marks omitted]).
Here, the process server's affidavit constituted prima facie evidence that the defendant was properly served at the mortgaged premises pursuant to CPLR 308(2) (see PNC Bank, N.A. v Lefkowitz, 185 AD3d 1069).
However, in support of her motion, the defendant averred that she had lived at an address in New Jersey for the last 20 years and provided extensive documentation in support of her contention that she had lived at that address during this time period. The defendant's submissions were sufficient to rebut the process server's affidavit (see Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d 624, 625-626; Central Mtge. Co. v Ward, 127 AD3d 803, 803-804; U.S. Bank, N.A. v Arias, 85 AD3d 1014, 1016). Contrary to the plaintiff's contention, the evidence it submitted in opposition to the defendant's motion was not dispositive of the issue of whether service at the mortgaged premises was proper under CPLR 308(2), and a hearing on the validity of service of process should have been held (see Central Mtge. Co. v Ward, 127 AD3d at 804). Accordingly, we remit the matter to the Supreme Court, Richmond County, for a hearing to determine whether the defendant was properly served with process and a new determination thereafter of those branches of her motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
MASTRO, A.P.J., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.

2018-06326 DECISION & ORDER ON MOTION
Wells Fargo Bank, N.A., etc., respondent,
v Leunora Rinderman, appellant, et al., defendants.
(Index No. 130387/12)

Motion by the respondent to dismiss an appeal from an order of the Supreme Court, Richmond County, dated October 28, 2016, on the ground that it has been rendered academic. By decision and order on motion of this Court dated June 12, 2020, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
MASTRO, A.P.J., CHAMBERS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court