Christiana Trust v Mauro (2021 NY Slip Op 00831)





Christiana Trust v Mauro


2021 NY Slip Op 00831


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-03704
 (Index No. 5510/16)

[*1]Christiana Trust, etc., plaintiff, 
v
Maria Mauro, et al., appellants, et al., defendants. Scott A. Rosenberg, P.C., Garden City Park, NY, for appellants.


Stern & Eisenberg, P.C., Depew, NY (Anthony P. Scali and Margaret J. Cascino of counsel), for plaintiff.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Maria Mauro, Anna Maria Mauro, and Giuseppe Mauro appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 1, 2017. The order denied those defendants' unopposed motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendants Anna Maria Mauro and Giuseppe Mauro for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the validity of service of process upon the defendants Anna Maria Mauro and Giuseppe Mauro, and for a new determination thereafter of the motion of the defendants Maria Mauro, Anna Maria Mauro, and Giuseppe Mauro pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendants Anna Maria Mauro and Giuseppe Mauro for lack of personal jurisdiction.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Maria Mauro (hereinafter Maria), the borrower, and Anna Maria Mauro (hereinafter Anna Maria) and Giuseppe Mauro (hereinafter Giuseppe), as trustees of an irrevocable trust into which the encumbered property was transferred (hereinafter collectively the defendants). According to the process server's affidavits of service, copies of the summons and complaint were served upon Anna Maria and Giuseppe by leaving them with Maria, who was described as the "co-resident" of Anna Maria and Giuseppe, at an address described as the dwelling place of Anna Maria and Giuseppe. In their separate answers, Anna Maria and Giuseppe asserted, inter alia, the affirmative
defense of lack of personal jurisdiction. Subsequently, the defendants moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Anna Maria and Giuseppe on the ground that they were not properly served with process. The plaintiff did not oppose the motion. In an order entered March 1, 2017, the Supreme Court denied the defendants' motion. The defendants appeal. We reverse.
The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void (see Brownstone Capital NY, LLC v Lindsay, 183 AD3d 687). In pertinent part, CPLR 308(2) provides that personal service upon a natural person may be made by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served and by mailing the summons to the person to be served at his or her last known residence (see Wells Fargo Bank, N.A v Heaven, 176 AD3d 761, 762; Citibank, N.A. v Balsamo, 144 AD3d 964, 964).
A process server's affidavit of service constitutes prima facie evidence of valid service (see Citimortgage, Inc. v Erani, 180 AD3d 641, 643; Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d 624, 625). "While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (Bank of Am., NA v Tobing, 145 AD3d 941, 942 [internal quotation marks omitted]; see Citimortgage, Inc. v Erani, 180 AD3d at 643; David v Singletary, 180 AD3d 993, 995).
Here, the process server's affidavits of service set forth that substituted service pursuant to CPLR 308(2) was made upon a person of suitable age, referred to as a co-resident of Anna Maria and Giuseppe, at their dwelling place, and by mailing a copy of the summons and complaint to the same address.
In support of the motion to dismiss, Anna Maria and Giuseppe submitted their own sufficiently factually detailed sworn affidavits in which they, inter alia, denied residing at the subject address at the time service allegedly was made, and averred that they had not lived there for more than four and eight years, respectively, and that they each lived at a different address at all relevant times. Under these circumstances, the submissions were sufficient to rebut the presumption of proper service created by the process server's affidavits of service, and to necessitate a hearing (see David v Singletary, 180 AD3d at 995, Wells Fargo Bank, NA v Tobing, 175 AD3d 745, 748).
Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether Anna Maria and Giuseppe were properly served with process, and thereafter a new determination of the defendants' motion.
The defendants' remaining contentions are either not properly before this Court or without merit.
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER: Aprilanne Agostino
Clerk of the Court