Nationstar Mtge., LLC v Stroman (2022 NY Slip Op 00869)





Nationstar Mtge., LLC v Stroman


2022 NY Slip Op 00869


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
WILLIAM G. FORD, JJ.


2018-05318
 (Index No. 6722/14)

[*1]Nationstar Mortgage, LLC, respondent,
v
Tessa C. Stroman, appellant, et al., defendants.


Valerie A. Hawkins, Hempstead, NY, for appellant.
Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Tessa C. Stroman appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 11, 2018. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order of the same court entered May 17, 2017, denying that defendant's motion, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered December 2, 2016, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process upon her.
ORDERED that the order entered January 11, 2018, is reversed insofar as appealed from, on the law, with costs, upon reargument, the order entered May 17, 2017, is vacated, that branch of the motion of the defendant Tessa C. Stroman which was for a hearing to determine the validity of service of process upon her is granted, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the validity of service of process upon the defendant Tessa C. Stroman, and for a new determination thereafter of those branches of that defendant's motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
In July 2014, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Tessa C. Stroman (hereinafter the defendant). The defendant neither answered the complaint nor made a pre-answer motion to dismiss the complaint. In February 2015, the defendant's attorney attended a mandatory foreclosure settlement conference, at which time the defendant was offered a trial modification. By letter dated March 27, 2015, the defendant's attorney informed the plaintiff that the defendant would like to negotiate "a more affordable agreement." No settlement was reached.
In an order entered July 8, 2015, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. Thereafter, the court issued an order and judgment of foreclosure and sale, which was entered on December 2, 2016, inter alia, directing the sale of the subject property.
In February 2017, the defendant moved, among other things, in effect, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or, in the alternative, for a hearing to determine the validity of service of process upon her. In an order entered May 17, 2017, the Supreme Court denied the defendant's motion without a hearing. Subsequently, the defendant moved for leave to reargue her prior motion, and the plaintiff opposed the motion. In an order entered January 10, 2018, the court, in effect, granted leave to reargue, and upon reargument, adhered to its prior determination in the order entered May 17, 2017. The defendant appeals.
"'As the Supreme Court reviewed the merits of [the defendant's] contentions on the branch of [her] motion which was for leave to reargue, the court, in effect, granted reargument and adhered to its original determination'" (Nationstar Mtge., LLC v Jong Sim, 197 AD3d 1178, 1179, quoting NYCTL 1998-2 Trust v Michael Holdings, Inc., 77 AD3d 805, 806). Therefore, contrary to the plaintiff's contentions, the order entered January 10, 2018, made, in effect, upon reargument, is appealable (see CPLR 5701[a][2][viii]; NYCTL 1998-2 Trust v Michael Holdings, Inc., 77 AD3d at 806).
"A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss" (Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628; see CPLR 320[b]; Wilmington Sav. Fund Socy., FSB v Zimmerman, 157 AD3d 846, 847). "A defendant appears formally in an action 'by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer'" (Eastern Sav. Bank, FSB v Campbell, 167 AD3d 712, 714, quoting CPLR 320[a]). "A defendant 'may appear informally by actively litigating the action before the court'" (Eastern Sav. Bank, FSB v Campbell, 167 AD3d at 714, quoting Taveras v City of New York, 108 AD3d 614, 617). "When a defendant participates in a lawsuit on the merits, he or she indicates an intention to submit to the court's jurisdiction over the action, and by appearing informally in this manner, the defendant confers in personam jurisdiction on the court" (Eastern Sav. Bank, FSB v Campbell, 167 AD3d at 714 [internal quotation marks omitted]; see Jaramillo v Asconcio, 151 AD3d 947, 949).
Here, by participating in the mandatory settlement foreclosure conference and subsequently contacting the plaintiff for settlement purposes, the defendant did not demonstrate a clear intent to participate in the lawsuit on the merits, and therefore she did not formally or informally appear in the action (see PennyMac Corp. v Barbosa, 189 AD3d 863, 864, citing HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 867; see also Private Capital Group, LLC v Hosseinipour, 170 AD3d 909, 910). Accordingly, contrary to the Supreme Court's conclusion and the plaintiff's contention, the defendant did not waive her jurisdictional defense.
"The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Christiana Trust v Mauro, 191 AD3d 756, 757, citing Brownstone Capital NY, LLC v Lindsay, 183 AD3d 687). The plaintiff has the burden of proving the court's personal jurisdiction over a defendant (see Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 717). "A defendant's eventual awareness of pending litigation will not affect the absence of jurisdiction over him or her where service of process is not effectuated in compliance with CPLR 308" (PennyMac Corp. v Barbosa, 189 AD3d at 865 [internal quotation marks omitted]; see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174). In pertinent part, CPLR 308(2) provides that personal service upon a natural person may be made by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served and by mailing the summons to the person to be served at his or her last known residence (see Christiana Trust v Mauro, 191 AD3d at 757-758).
Ordinarily, a process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service (see id. at 758; Washington Mut. Bank v Murphy, 127 AD3d at 1174). Where, however, there is a sworn, [*2]nonconclusory denial of service by a defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing (see Christiana Trust v Mauro, 191 AD3d at 758; Washington Mut. Bank v Murphy, 127 AD3d at 1174).
Here, the process server's affidavit indicates that he served the defendant pursuant to CPLR 308(2) by delivery of the summons and complaint on July 24, 2014, at a particular time and location, to the defendant's husband, a person of suitable age and discretion, who indicated that the premises was the defendant's dwelling place or usual place of abode in Uniondale, Town of Hempstead and by timely mailing the summons and complaint to the same address. Thus, the process server's affidavit constituted prima facie evidence of proper service pursuant to CPLR 308(2) upon the defendant (see US Bank, N.A. v Schumacher, 172 AD3d 1137, 1138).
However, the defendant sufficiently rebutted the presumption of proper service. The defendant submitted her own sufficiently factually detailed sworn affidavit in which she, inter alia, denied receipt of service, denied residing at the subject address at the time service allegedly was made, and averred that she had not lived there since September 2011 and that she had moved to Georgia in November 2013. Under these circumstances, a hearing to determine whether the defendant was properly served pursuant to CPLR 308(2) was required (see Christiana Trust v Mauro, 191 AD3d at 758; US Bank, N.A. v Schumacher, 172 AD3d at 1138). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether the defendant was properly served with process, and thereafter a new determination of those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale, and thereupon pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her.
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
IANNACCI, J.P., CHAMBERS, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court