U.S. Bank N.A. v Fessler (2024 NY Slip Op 04999)

U.S. Bank N.A. v Fessler

2024 NY Slip Op 04999

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2022-08405
 (Index No. 702161/21)

[*1]U.S. Bank National Association, etc., respondent,
v
Eric Fessler, appellant, et al., defendants.

Flora Rainer (New York Litigation Group, PLLC, Rochester, NY [Austin T. Shufelt], of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Mitchell E. Zipkin and Charles W. Miller III of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Eric Fessler appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered August 25, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered October 8, 2021, and, thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and pursuant to CPLR 5015(a)(4) to vacate an order of the same court (Leslie J. Purificacion, J.) dated September 18, 2018.
ORDERED that the order entered August 25, 2022, is affirmed insofar as appealed from, with costs.
In May 2007, the defendant Eric Fessler (hereinafter the defendant), who is a real estate developer, borrowed the sum of $680,000 from Wall Street Mortgage Bankers, Ltd. The loan was memorialized by a note and secured by a mortgage encumbering certain real property located in Queens (hereinafter the mortgaged property).
In June 2009, Thornburg Mortgage Home Loans, Inc. (hereinafter Thornburg), commenced this action to foreclose the mortgage against, among others, the defendant. In an affidavit of service, a process server stated that service was effected upon the defendant pursuant to CPLR 308(2) by delivery of the summons and complaint on June 3, 2009, to "JOSIE 'DOE'(LAST NAME REFUSED), CO-TENANT," who was described as approximately 60 years old, having tan skin and black hair, being approximately five feet, two inches in height, and weighing approximately 120 pounds, at the defendant's residence in Merrick (hereinafter the Merrick property) and by mailing a copy of the summons and complaint to the Merrick property.
In a judgment dated December 17, 2013, the Supreme Court dismissed the action. In December 2016, Thornburg moved for leave to reargue its prior motion, inter alia, to vacate the judgment and for an order of reference, which had been denied in an order dated March 22, 2016. The motion papers were served upon the defendant at the mortgaged property, pursuant to the [*2]method of service provided in the mortgage documents. In an order dated September 18, 2018, the court granted leave to reargue and, upon reargument, granted Thornburg's prior motion, among other things, to vacate the judgment and for an order of reference. In an order and judgment of foreclosure and sale entered October 8, 2021, the court granted Thornburg's motion to confirm a referee's report, for a judgment of foreclosure and sale, and to amend the caption to substitute U.S. Bank National Association (hereinafter U.S. Bank) as the plaintiff, confirmed the referee's report, and directed the sale of the mortgaged property.
After the order and judgment of foreclosure and sale with notice of entry was served upon the defendant in December 2021, the defendant moved, inter alia, in effect, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and, thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and pursuant to CPLR 5015(a)(4) to vacate the order dated September 18, 2018. In his affidavit in support of the motion, the defendant stated that his family moved permanently to Miami Beach, Florida, in January 2009, and no one matching the description of "JOSIE 'DOE'" resided, visited, or otherwise stayed in the Merrick property in June 2009. The defendant also submitted affidavits from his three daughters, who averred that the family resided permanently in Miami Beach, Florida, in June 2009, that the Merrick property was vacant in June 2009 to their knowledge, and that none of them, nor their deceased mother, who, in 2009, was 48 years old, had white skin and light brown hair, was five feet, five inches tall, and weighed 120 pounds, were served. The defendant's daughter Gillian Fessler stated in her affidavit that in 2009, she resided on the campus of Hofstra University, where she was attending college, but in June 2009, she was on summer break and was with her family in Florida. Another one of the defendant's daughters stated in her affidavit that the defendant planned for Gillian to be the sole owner of the mortgaged property when she finished college. The defendant also submitted a copy of a bill for DIRECTV service at his Florida address dated June 2, 2009, a June 2009 checking account statement in his and his deceased wife's name at the Florida address, and a federal tax return filed in April 2010 listing the Florida address as the defendant's address.
In opposition to the motion, U.S. Bank submitted documentary evidence that the defendant was claiming that he resided at the Merrick property subsequent to 2009, indicating that the Merrick property was still his residence, as well an affidavit executed by the defendant in 2013 in another action, in which he stated that his primary residence was not in Florida but in New York and, "I am not, and have never been, a resident of the State of Florida." U.S. Bank also submitted evidence that in June 2009, in another action, the defendant was personally served at the Merrick property, and an abstract of driving record indicating that the defendant's New York driver license expired in 2021.
In reply, the defendant did not deny that he was at the Merrick property in June 2009, but rather argued that his "short presence" at the Merrick property, which he owned, did not mean that the Merrick property was his residence. The defendant also acknowledged that he did not obtain a Florida driver license until 2013, when he claimed he surrendered his New York driver license.
In an order entered August 25, 2022, the Supreme Court, among other things, denied those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and, thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and pursuant to CPLR 5015(a)(4) to vacate the order dated September 18, 2018. The defendant appeals.
"Ordinarily, a process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service. Where, however, there is a sworn, nonconclusory denial of service by a defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing" (Nationstar Mtge., LLC v Stroman, 202 AD3d 804, 807 [citations omitted]). "'Bare and unsubstantiated denials are insufficient to rebut the presumption of service'" (HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 662-663, quoting Rosemark Contrs., Inc. v Ness, 149 AD3d 1115, 1116). "'However, a sworn denial of service containing specific facts generally rebuts the [*3]presumption of proper service established by the process server's affidavit, and necessitates an evidentiary hearing'" (Aikens v Kouchnerova, 217 AD3d 741, 742, quoting Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631). "If an issue regarding service turns upon a question of credibility, a hearing should be held to render a determination on this issue" (Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d 1305, 1307 [internal quotation marks omitted]).
Here, the process server's affidavit constituted prima facie evidence of proper service pursuant to CPLR 308(2) upon the defendant (see Nationstar Mtge., LLC v Stroman, 202 AD3d at 807-808). Further, the defendant failed to rebut the presumption of proper service. His wife was deceased and unable to deny service; the process server's description of "JOSIE 'DOE,'" who refused to give a surname, differed from the wife's claimed appearance in minor respects; and the wife's claimed appearance was not corroborated by evidence of the wife's actual appearance in 2009 (see Newlands Asset Holding Trust v Vasquez, 218 AD3d 786, 789).
A party may have more than one residence (see Matter of Glickman v Laffin, 27 NY3d 810, 815; Bostick v Safa, 173 AD3d 823, 824; Demirovic v Performance Food Group, Inc., 170 AD3d 656, 658; Litton Loan Servicing, LP v Vasilatos, 7 AD3d 580, 581). Here, the evidence indicated that although the defendant owned property in Florida where he stayed from time to time, at the time of service, the Merrick property was his residence. In view of the foregoing, the defendant failed to rebut the presumption of proper service.
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were, in effect, pursuant to CPLR 5015(a)(4) to vacate the order and judgment of foreclosure and sale and, thereupon, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, and pursuant to CPLR 5015(a)(4) to vacate the order dated September 18, 2018.
DILLON, J.P., BARROS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court