Nationstar Mtge., LLC v Molyaev (2025 NY Slip Op 00664)

Nationstar Mtge., LLC v Molyaev

2025 NY Slip Op 00664

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LOURDES M. VENTURA, JJ.

2023-05859
 (Index No. 506081/17)

[*1]Nationstar Mortgage, LLC, respondent,
v
Josep Molyaev, appellant, et al., defendants. Barclay Damon LLP, New York, NY (Lauren J. Wachtler of counsel), for appellant.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Harold L. Kofman of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Josep Molyaev appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated January 31, 2023. The order, insofar as appealed from, denied those branches of that defendant's motion which were (1) pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court (Noach Dear, J.) dated February 13, 2018, issued upon his failure to appear or answer the complaint, and an order and judgment of foreclosure and sale (one paper) of the same court (Noach Dear, J.) entered June 13, 2019, and to set aside the foreclosure sale of the subject property, and (2) pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing to determine the validity of service of process upon the defendant Josep Molyaev and a new determination thereafter of those branches of that defendant's motion which were (1) pursuant to CPLR 5015(a)(4) to vacate the order of reference and the order and judgment of foreclosure and sale and to set aside the foreclosure sale of the subject property, and (2) pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
In March 2017, the plaintiff commenced this action against, among others, the defendant Josep Molyaev (hereinafter the defendant) to foreclose a mortgage on certain real property located in Brooklyn. The Supreme Court issued an order dated February 13, 2018, appointing a referee to compute the amount due to the plaintiff, upon the failure of the defendant to appear or answer the complaint (hereinafter the February 2018 order), and on June 13, 2019, entered an order and judgment of foreclosure and sale, inter alia, directing the sale of the property. Thereafter, a foreclosure sale was conducted, and the property was sold. In or around October 2020, the defendant moved, among other things, pursuant to CPLR 5015(a)(4) to vacate the February 2018 order and the order and judgment of foreclosure and sale and to set aside the foreclosure sale of the property and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground that he was never served with process and that the court lacked personal jurisdiction over him. The plaintiff opposed the motion. In an order dated January 31, 2023, the court, inter alia, denied those branches of the defendant's motion on the ground, among others, that the defendant was estopped from challenging the validity of service of process upon him at certain premises located in Flushing [*2](hereinafter the Flushing property) because he failed to notify the Department of Motor Vehicles (hereinafter the DMV) of his alleged change of address. The defendant appeals.
"The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Christiana Trust v Mauro, 191 AD3d 756, 757, citing Brownstone Capital NY, LLC v Lindsay, 183 AD3d 687). The plaintiff has the burden of proving the court's personal jurisdiction over a defendant (see Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 717). "A defendant's eventual awareness of pending litigation will not affect the absence of jurisdiction over him or her where service of process is not effectuated in compliance with CPLR 308" (PennyMac Corp. v Barbosa, 189 AD3d 863, 865 [internal quotation marks omitted]; see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174). CPLR 308(2) provides, in pertinent part, that personal service upon a natural person may be made by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served and by mailing the summons to the person to be served at his or her last known residence (see Christiana Trust v Mauro, 191 AD3d at 757-758).
Ordinarily, a process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service (see id. at 758; Washington Mut. Bank v Murphy, 127 AD3d at 1174). Where, however, there is a sworn, nonconclusory denial of service by a defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing (see Christiana Trust v Mauro, 191 AD3d at 758; Washington Mut. Bank v Murphy, 127 AD3d at 1174).
Here, the affidavit of service and the supplemental affidavit of the process server provided to the Supreme Court indicated that the process server served the defendant pursuant to CPLR 308(2) by delivering the summons and complaint to "JOHN DOE (NAME REFUSED), MALE RELATIVE, a person of suitable age and discretion," in the "lobby" of the Flushing property and by mailing a copy of the summons and complaint to the defendant at the Flushing property. The supplemental affidavit also indicated that John Doe informed the process server that he resided with the defendant in a unit at the Flushing property and that John Doe "refused to allow" the process server "entrance to the unit." Thus, the affidavit of service and the supplemental affidavit constituted prima facie evidence of proper service pursuant to CPLR 308(2) upon the defendant (see Nationstar Mtge., LLC v Stroman, 202 AD3d 804, 808; David v Singletary, 180 AD3d 993, 995).
However, the defendant sufficiently rebutted the presumption of proper service by submitting his own affidavit, in which he, among other things, denied receipt of service, denied residing at the Flushing property at the time service allegedly was made, and averred that he had moved to another property in August 2009, and by submitting documentary evidence supporting those claims (see Matter of Lester Korinman Kamran & Masini, P.C. v Davis, 227 AD3d 906, 908; Christiana Trust v Leriche, 219 AD3d 564, 566). Moreover, the defendant's alleged failure to update his address with the DMV, standing alone, did not estop him from contesting service at the Flushing property (see Legal Servicing, LLC v Carty, 229 AD3d 533, 536; Castillo-Florez v Charlecius, 220 AD3d 1, 14).
Under these circumstances, the Supreme Court should have conducted a hearing to determine whether the Flushing property constituted the defendant's "dwelling place" or "usual place of abode" (see Legal Servicing, LLC v Carty, 229 AD3d at 536; Wells Fargo Bank, N.A. v Rinderman, 190 AD3d 885, 886) and, if so, whether John Doe was a person of suitable age and discretion and whether the outer bounds of the defendant's "dwelling place" or "usual place of abode" extended to the place where the service allegedly was effectuated (see Rattner v Fessler, 202 AD3d 1011, 1017; Edwards-Blackburn v City of New York, 181 AD3d 791, 793).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the matter is remitted to the Supreme Court, Kings County, for a hearing [*3]to determine the validity of service of process upon the defendant and a new determination thereafter of those branches of the defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate the February 2018 order and the order and judgment of foreclosure and sale and to set aside the foreclosure sale of the property and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
DUFFY, J.P., MILLER, CHRISTOPHER and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court