Deutsche Bank Natl. Trust Co. v Raimo (2025 NY Slip Op 04976)

Deutsche Bank Natl. Trust Co. v Raimo

2025 NY Slip Op 04976

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-07034
 (Index No. 1601/15)

[*1]Deutsche Bank National Trust Company, etc., plaintiff-respondent-appellant, 
v
Joanne Raimo, etc., et al., defendants, Maria Raimo, appellant- respondent; Jones & Associates Realty Corp., et al., nonparties-respondents-appellants.

Tamara M. Harris, Forest Hills, NY, for appellant-respondent.
Hinshaw & Culbertson LLP, New York, NY (Ronald H. Park and Schuyler B. Kraus of counsel), for plaintiff-respondent-appellant.
Solomon & Siris, P.C., Garden City, NY (Bill Tsevis of counsel), for nonparties-respondents-appellants.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Maria Raimo appeals, the plaintiff cross-appeals, and nonparties Jones & Associates Realty Corp. and S.A. Glodny, LLC, separately cross-appeal, from an order of the Supreme Court, Nassau County (David P. Sullivan J.), dated May 3, 2023. The order, insofar as appealed from, (1) denied the motion of the defendant Maria Raimo pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court (Thomas A. Adams, J.) entered June 10, 2016, upon her failure to appear or answer the complaint and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, (2) denied that branch of her separate motion which was to set aside a sale of the subject property and, upon granting that branch of her separate motion which was to hold the plaintiff in civil contempt for violating a temporary restraining order, directed the plaintiff to pay a fine, inter alia, only in the sum of $10,000, and (3) denied her separate motion, inter alia, to hold nonparties Trevor Jones and Jones & Associates Realty Corp. in civil contempt for violating a temporary restraining order. The order, insofar as cross-appealed from by the plaintiff, granted that branch of the motion of the defendant Maria Raimo which was to hold the plaintiff in civil contempt for violating a temporary restraining order and directed the plaintiff to pay a fine in the sum of $10,000. The order, insofar as cross-appealed from by nonparties Jones & Associates Realty Corp. and S.A. Glodny, LLC, denied their cross-motion for leave to intervene in the action or, in the alternative, for restitution.
ORDERED that the order is affirmed insofar as appealed from and cross-appealed from by the plaintiff, without costs or disbursements; and it is further,
ORDERED that the cross-appeal by nonparties Jones & Associates Realty Corp. and S.A. Glodny, LLC, is dismissed as academic, without costs or disbursements.
In February 2015, the plaintiff commenced this action against, among others, the defendant Maria Raimo (hereinafter the defendant) to foreclose a mortgage on certain real property. The defendant failed to answer the complaint or otherwise appear in the action, and after an inquest, [*2]on June 10, 2016, the Supreme Court entered a judgment of foreclosure and sale.
In January 2022, the defendant moved by order to show cause pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. As part of the executed order to show cause, the Supreme Court issued a temporary restraining order barring the sale of the property pending further order of the court (hereinafter the January 2022 TRO).
In March 2022, the defendant moved by order to show cause to hold the plaintiff in civil contempt for violating the January 2022 TRO by selling the property to Jones & Associates Realty Corp. (hereinafter J & A) and to set aside that sale. As part of the executed order to show cause, the Supreme Court issued a temporary restraining order, inter alia, barring the commencement of "any legal proceeding to evict or eject" the defendant pending a determination of the motion (hereinafter the March 2022 TRO).
In April 2022, the defendant moved, among other things, to hold Trevor Jones and J & A in civil contempt for violating the March 2022 TRO by serving predicate notices for eviction on the defendant and to vacate those notices. J & A and S.A. Glodny, LLC (hereinafter Glodny), cross-moved for leave to intervene in the action or, in the alternative, for restitution in the event the Supreme Court were to set aside the sale of the property.
In an order dated May 3, 2023, the Supreme Court, inter alia, granted that branch of the defendant's motion which was to hold the plaintiff in civil contempt and directed the plaintiff to pay a fine in the sum of $10,000. The court otherwise denied the defendant's separate motions and denied the cross-motion of J & A and Glodny. The defendant appeals, the plaintiff cross-appeals, and J & A and Glodny separately cross-appeal.
"'Ordinarily, a process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service. Where, however, there is a sworn, nonconclusory denial of service by a defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing'" (U.S. Bank N.A. v Fessler, 231 AD3d 896, 898, quoting Nationstar Mtge., LLC v Stroman, 202 AD3d 804, 807). "'Bare and unsubstantiated denials are insufficient to rebut the presumption of service'" (id. [internal quotation marks omitted], quoting HSBC Bank USA, N.A. v Archibong, 157 AD3d 662, 662-663).
Here, a process server's affidavit of service constituted prima facie evidence of proper service upon the defendant pursuant to CPLR 308(2) (see U.S. Bank N.A. v Fessler, 231 AD3d at 899; Nationstar Mtge., LLC v Stroman, 202 AD3d at 807-808). The affidavits and documents submitted by the defendant were insufficient to rebut the presumption of proper service created by the process server's affidavit of service (see Carver Fed. Sav. Bank v Supplice, 109 AD3d 572, 572-573). Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction and properly denied that branch of the defendant's separate motion which was to set aside the sale of the property (see U.S. Bank N.A. v Fessler, 231 AD3d at 899).
The Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to hold the plaintiff in civil contempt for selling the property in contravention of the January 2022 TRO (see Vider v Vider, 85 AD3d 906, 907). "'In order to sustain a finding of civil contempt under Judiciary Law § 753 based on a violation of a court order, it is necessary to establish by clear and convincing evidence that a lawful court order clearly expressing an unequivocal mandate was in effect, that the person alleged to have violated the order had actual knowledge of its terms, and that the violation has defeated, impaired, impeded, or prejudiced the rights of a party'" (id., quoting Manning v Manning, 82 AD3d 1057, 1058; see Judiciary Law § 753). "The aim of civil contempt is to vindicate a party's right to the benefits of a judicial mandate or to compensate that party for the interference by the contemnor" (Matter of Banks v Stanford, 159 AD3d 134, 140). "The party seeking a finding of contempt bears the burden of proving its elements by clear and convincing evidence" (id., citing El-Dehdan v El-Dehdan, 26 NY3d 19, 29).
Here, the defendant demonstrated by clear and convincing evidence that the plaintiff actively interfered with her right to the benefits of the mandate of the Supreme Court temporarily barring the sale of the property while she attempted to fully ascertain and determine the respective rights of the parties. The plaintiff, by its actions, impeded the defendant's attempt to resolve her claims concerning the property and impaired the court's efforts to determine if an error had been made.
As conceded by J & A and Glodny, our determination has rendered their cross-appeal academic. Accordingly, we dismiss their cross-appeal as academic, as there is no basis for them to appear in this action.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DUFFY, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court