■ ADRIENNE M. LEFKOWITZ, Appellant-Respondent, v KAYE, SCHOLER, FIERMAN, HAYS & HANDLER, Respondent-Appellant. [706 NYS2d 176] —In an action, *inter alia,* to recover damages for breach of contract, (1) the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Nicolai, J.), entered January 27, 1999, which, upon an order of the same court

entered January 13, 1999, denying her motion for leave to enter judgment upon the defendant's default in answering, and granting the defendant's motion for leave to serve an answer and thereupon to dismiss the complaint, is in favor of the defendant and against the plaintiff dismissing her complaint, and, (2) the defendant cross-appeals from so much of the same judgment as failed to dismiss the complaint based on the plaintiff's lack of standing. The notices of appeal and cross appeal from the order entered January 13, 1999, are deemed premature notices of appeal and cross-appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the cross appeal is dismissed, without costs or disbursements, as the defendant is not aggrieved by the portion of the judgment cross-appealed from (see, CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint in its entirety and substituting therefor provisions dismissing only the third cause of action and severing the remaining causes of action; as so modified, the judgment is affirmed, and the order entered January 13, 1999, is modified accordingly.

Although the cross appeal is dismissed, the arguments raised on the cross appeal may be considered on the direct appeal (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539). The Supreme Court erred in holding that the defendant waived the affirmative defense of lack of standing since the defense was pleaded in the answer (see, CPLR 3211 [e]; Hatch v Tu Thi Tran, 170 AD2d 649). However, the Supreme Court properly held that the defendant waived the Statute of Limitations defense by failing to plead it in the answer or in a preanswer motion (see, Hatch v Tu Thi Tran, supra). While the defendant raised the defense of the Statute of Limitations in its motion to dismiss, that motion did not qualify as a preanswer motion since it was made after the time for service of the responsive pleading had expired (see, CPLR 3211 [e]).

The Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to excuse its default in answering (see, Mondrone v Lakeview Auto Sales & Serv., 170 AD2d 586). The defendant demonstrated that while the default was due to law office failure, it was clearly not willful or deliberate (cf., Eretz Funding v Shalosh Assocs., 266 AD2d 184). The defendant also proffered documentary evidence which demonstrated a meritorious defense to the present action (see, Watkins v Clark, 260 AD2d 843). The defendant correctly argues that the plaintiff lacks

standing to allege unjust enrichment since the damages sought were incurred by the estate of the plaintiff's father, which is not a party to this action. Accordingly, the third cause of action does not survive. However, the Supreme Court erred in finding that the plaintiff's action was barred by the doctrine of res judicata, and in granting that branch of the defendant's motion which was to dismiss the remaining causes of action. The plaintiff could not have resolved her claims in either of the proceedings relied upon by the court (*see, D.C.I. Danaco Contrs. v Associated Univs.,* 248 AD2d 663; *Coliseum Towers Assocs. v County of Nassau,* 217 AD2d 387, 390).

The parties' remaining contentions are without merit. O'Brien, J. P., Ritter, Sullivan and Smith, JJ., concur.