■ In the Matter of JOSEPH KOWALCZYK, Appellant, v VILLAGE OF MONTICELLO, Respondent. [969 NYS2d 566]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered October 5, 2012 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

In 2001, petitioner purchased a residential apartment building in the Village of Monticello, Sullivan County, and respondent's Code Enforcement Officer thereafter issued various building permits with respect to two units contained therein. After completing the renovations in those units, petitioner was issued two conditional certificates of occupancy. Upon satisfying the required conditions set forth in the respective certificates, petitioner rented the subject apartments to tenants.

Respondent subsequently amended its municipal code to require landlords of residential properties to obtain a rental permit and, in August 2011, petitioner applied for such a permit. Approximately two weeks later, respondent's Code Enforcement Officer removed the tenants from the apartments in question and issued a violation notice citing, among other things, the presence of an allegedly improper sewer system upon the premises. Petitioner's attempt to remedy this situation proved unsuccessful and, in October 2011, respondent issued a second violation notice alleging a multitude of code violations and denying the requested rental permit.

In April 2012, petitioner commenced this CPLR article 78 proceeding seeking, among other things, to compel the issuance of a rental permit for the units in question. Respondent failed to timely answer, and Supreme Court granted petitioner a default judgment. In June 2012, Supreme Court granted respondent's motion to vacate the default judgment and, in July 2012, respondent filed a verified answer asserting numerous "affirmative defenses."* Noticeably absent, however, was any mention of a defense/objection based upon the applicable four-month statute of limitations (see CPLR 217 [1]). The matter proceeded to trial in August 2012, at which time respondent

---

* In the context of a CPLR article 78 proceeding, affirmative defenses are more appropriately denominated as "objections in point of law" (CPLR 7804 [f]).

made an oral motion to dismiss the petition as untimely. Supreme Court granted respondent's motion and dismissed the petition, prompting this appeal.

Petitioner contends that Supreme Court erred in granting respondent's oral motion to dismiss the petition based upon statute of limitations grounds inasmuch as respondent failed to timely raise this defense/objection in either its verified answer or a pre-answer motion to dismiss. We agree. It is well established that an aggrieved party must raise a statute of limitations defense/objection in either the answer or a pre-answer motion to dismiss (*see* CPLR 3211 [e]; 7804 [f]; *Goldenberg v Westchester County Health Care Corp.*, 16 NY3d 323, 327 [2011]; *Gauthier v Countryway Ins. Co.*, 100 AD3d 1062, 1062 [2012]). A pre-answer motion to dismiss based upon a statute of limitations defense/objection necessarily "must be made prior to the time in which to serve an answer, and the failure to do so will result in a waiver of the defense unless [thereafter] raised in the responsive pleading" (*Matter of Abramov v Board of Assessors, Town of Hurley*, 257 AD2d 958, 960 [1999], *lv denied* 93 NY2d 813 [1999]; *see* CPLR 3211 [e]; *Dougherty v City of Rye*, 63 NY2d 989, 991-992 [1984]; *Gauthier v Countryway Ins. Co.*, 100 AD3d at 1062).

While Supreme Court correctly found that respondent's oral motion to dismiss—made on the first day of trial—was untimely (*see Lefkowitz v Kaye, Scholer, Fierman, Hays & Handler*, 271 AD2d 576, 576 [2000]), the court nevertheless dismissed the petition based upon respondent's tenth affirmative defense, which purported to "reserve[ ] [respondent's] right to assert [such] further affirmative defenses as [may be] appropriate as investigation and discovery continue." This is not a valid affirmative defense. Simply put, a party cannot employ a catch-all provision in an attempt to preserve any and all potential defenses/objections for future use without affording notice to the opposing party—particularly where, as here, the defense/objection at issue is both apparent from the face of the petition and, more to the point, is specifically waived if not timely raised (*see* CPLR 3211 [e]).

To be sure, a respondent is permitted—insofar as is relevant here—to amend his or her answer to assert additional affirmative defenses "once without leave of court within [20] days after its service, or at any time before the period for responding to it expires" (CPLR 3025 [a]) or, thereafter, "by leave of court or by stipulation of all parties" (CPLR 3025 [b]). Here, however, respondent neither amended its answer within the time limits set forth in CPLR 3025 (a) nor sought leave to amend under CPLR

3025 (b). Under these circumstances, Supreme Court erred in granting respondent's motion to dismiss.

Peters, P.J., Lahtinen and Stein, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.