█ Marathon Structured Asset Solutions Trust, Respondent, v Alicia Fennell et al., Appellants, et al., Defendants.
[61 NYS3d 232]—

In an action to foreclose a mortgage, the defendants Alicia Fennell and Dwayne Fennell appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated February 23, 2015, as denied those branches of their motion which were to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and insofar as asserted against Alicia Fennell for lack of standing.

Ordered that the order is affirmed insofar as appealed from, with costs.

In June 2007, Alicia Fennell executed a note in the sum of $283,500 in favor of Option One Mortgage Corporation, which was secured by a mortgage on residential property in Queens County executed by Alicia Fennell and her husband, Dwayne Fennell (hereinafter together the defendants). By assignment of mortgage dated October 27, 2009, the mortgage was assigned to Marathon Structured Asset Solutions Trust (hereinafter the plaintiff). In January 2010, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others. Thereafter, the defendants moved, inter alia, to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction based on improper service and insofar as asserted against Alicia Fennell on the ground that the plaintiff lacked standing. The Supreme Court denied those branches of the defendants' motion.

The Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as

asserted against them for lack of personal jurisdiction based on improper service. The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Carver Fed. Sav. Bank v Supplice*, 109 AD3d 572, 572 [2013]; *Bank of N.Y. v Espejo*, 92 AD3d 707, 708 [2012]). In opposition, the affidavits submitted by the defendants were insufficient to rebut the presumption of proper service created by the process server's affidavit (*see Carver Fed. Sav. Bank v Supplice*, 109 AD3d at 572). Although the defendants demonstrated that service was effected on their then 15-year-old daughter, they failed to establish that their daughter was not "objectively . . . of sufficient maturity, understanding and responsibility under the circumstances so as to be reasonably likely to convey the summons to [her]" (*Roldan v Thorpe*, 117 AD2d 790, 791 [1986] [internal quotation marks omitted]) and, thus, not a person of "suitable age and discretion" within the meaning of CPLR 308 (2).

The Supreme Court also properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Alicia Fennell on the ground that the plaintiff lacked standing. "In a foreclosure action, a plaintiff has standing if it is either the holder or assignee of the underlying note at the time the action was commenced" (*LaSalle Bank, N.A. v Zaks*, 138 AD3d 788, 788 [2016]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]). "The plaintiff may demonstrate that it is the holder or assignee of the underlying note by showing either a written assignment of the underlying note or the physical delivery of the note" (*U.S. Bank N.A. v Guy*, 125 AD3d 845, 846-847 [2015]; *see Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 651 [2016]). On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law (*see New York Community Bank v McClendon*, 138 AD3d 805, 806 [2016]; *HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 984 [2015]; *U.S. Bank N.A. v Guy*, 125 AD3d at 847). Here, the defendants failed to meet their burden in that they failed to establish, prima facie, that the plaintiff was not the holder or assignee of the note at the time of commencement of the action. Dillon, J.P., Austin, Roman and Cohen, JJ., concur.