Sperry Assoc. Fed. Credit Union v Lee (2021 NY Slip Op 02437)





Sperry Assoc. Fed. Credit Union v Lee


2021 NY Slip Op 02437


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-05342
2018-05347
 (Index No. 7252/15)

[*1]Sperry Associates Federal Credit Union, respondent,
v
Tommy Kwong Yu Lee, et al., appellants, et al., defendants.


Lawrence Katz, Valley Stream, NY, for appellants.
Garfunkel Wild, P.C., Great Neck, NY (Salvatore Puccio of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Tommy Kwong Yu Lee and Irma Erawaty appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 22, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered February 22, 2018. The order, insofar as appealed from, denied those defendants' cross motion for leave to renew their prior motion, inter alia, pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court entered March 31, 2016, upon their default, which prior motion was denied in an order of the same court entered September 20, 2017. The order and judgment of foreclosure and sale, upon the orders entered September 20, 2017, and February 22, 2018, among other things, directed the sale of the subject property.
ORDERED that the appeal from the order entered February 22, 2018, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order entered February 22, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action against the defendants Tommy Kwong Yu Lee and Irma Erawaty (hereinafter together the defendants), among others, to foreclose a mortgage on real property. The defendants allegedly were served pursuant to CPLR 308(2) by delivery of the pleadings to "John Doe" and "Jane Doe" on separate occasions at the subject premises. The defendants failed to answer or appear and the plaintiff obtained an order of reference on default.
The defendants thereafter moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order of reference entered upon their default, claiming that they were not properly served with process. The Supreme Court, among other things, denied that branch of the defendants' motion. In response to the plaintiff's subsequent motion, inter alia, for a judgment of foreclosure and sale, the defendants cross-moved pursuant to CPLR 2221 for leave to renew their motion, among other things, to vacate the default order of reference. The Supreme Court, inter alia, denied the cross motion, and on February 22, 2018, entered an order and judgment of foreclosure and sale which, among other things, directed the sale of the subject property. The defendants appeal.
Ordinarily, a process server's affidavit of service constitutes prima facie evidence that the defendants were validly served (see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985). Bare and unsubstantiated denial of receipt is insufficient to rebut the presumption of proper service created by the affidavit of service (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). Instead, a defendant must submit "a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server" in order to rebut the presumption and warrant a hearing (U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988).
Here, the affidavits submitted by the defendants in support of their motion to vacate lacked sufficient detail to rebut the presumption of proper service and warrant a hearing. They merely asserted that Lee was not at home at the time of the alleged service, and, without substantiation, that Erawaty did not match one aspect of the description, provided in the affidavit of service, of the person served (see TBF Fin., LLC v Eagle Tours, LLC, 172 AD3d 1269, 1271; PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1116). Furthermore, the defendants' affidavits failed to account for the possibility that the "John Doe" or "Jane Doe" could have been persons present to accept service as a person of suitable age and discretion in their home at the time of the alleged service (see Roberts v Anka, 45 AD3d 752, 754). Accordingly, the Supreme Court correctly denied that branch of the defendants' motion which was to vacate the order of reference entered upon their default.
Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Worrell v Parkway Estates, LLC, 43 AD3d 436, 437).
Here, the defendants' conclusory, undetailed, and uncorroborated claim of law office failure did not constitute reasonable justification for their failure to submit the new facts, consisting of their own, more detailed, affidavits, at the time of the prior motion (see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 774).
Accordingly, we affirm the order and judgment of foreclosure and sale.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court