Deutsche Bank Natl. Trust Co. v Fitzsimmons (2021 NY Slip Op 02379)





Deutsche Bank Natl. Trust Co. v Fitzsimmons


2021 NY Slip Op 02379


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-02915
 (Index No. 1028/06)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Carol Fitzsimmons, appellant, et al., defendants.


Long Tuminello, LLP, Bay Shore, NY (Michelle Aulivola and Brittany Fiorenza of counsel), for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Carol Fitzsimmons appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated January 16, 2019. The order denied that defendant's motion, inter alia, pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court (Donald R. Blydenburgh, J.) dated March 30, 2006, and an order and judgment of foreclosure and sale (one paper) of the same court entered June 30, 2006, upon that defendant's failure to appear or answer the complaint, to set aside the foreclosure sale of the subject property, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and denied that defendant's separate motion to stay any eviction proceedings commenced against her concerning the property.
ORDERED that the order dated January 16, 2019, is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage encumbering certain real property located in East Setauket (hereinafter the subject property). In January 2006, the defendant Carol Fitzsimmons (hereinafter the defendant) allegedly was served with process pursuant to CPLR 308(2), but failed to answer the complaint or otherwise appear in the action. In an order dated March 30, 2006, the Supreme Court granted the plaintiff's unopposed motion, inter alia, for an order of reference. In June 2006, the court entered an order and judgment of foreclosure and sale, among other things, directing the sale of the subject property, and the subject property was sold in March 2015. In April 2015, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order of reference and the order and judgment of foreclosure and sale, to set aside the foreclosure sale of the subject property, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her on the ground that she was not served with process in accordance with the CPLR. In September 2015, the defendant moved to stay any eviction proceedings commenced against her concerning the subject property. The court denied the motions, and the defendant appeals.
"'The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process'" (Brownstone Capital NY, LLC v Lindsay, 183 AD3d 687, 688, quoting Washington Mut. Bank v Murphy, 127 AD3d 1167, 1173). "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, [*2]gives rise to a presumption of proper service" (Brownstone Capital NY, LLC v Lindsay, 183 AD3d at 688). "'In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service'" (Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 892, quoting JPMorgan Chase Bank, N.A. v Grinkorn, 172 AD3d 1183, 1186 [internal quotation marks omitted]). "A minor discrepancy between the appearance of the person allegedly served and the description of the person served contained in the affidavit of service is generally insufficient to raise an issue of fact warranting a hearing" (PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115). "'Further, the discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect'" (id. at 1115, quoting US Bank N.A. v Cherubin, 141 AD3d 514, 516).
Here, the process server's affidavit of service established, prima facie, the method of service, as it stated that the defendant's daughter was served with the summons and complaint at the daughter's home after the daughter confirmed the defendant resided there, and that the summons and complaint were then mailed to the defendant by first class mail to that address. Contrary to the defendant's contention, the claimed discrepancies between her daughter's physical appearance and the description of the person served contained in the affidavit of service were too minor to warrant a hearing (see Nationstar Mtge., LLC v Azcona, 186 AD3d 614, 616; Deutsche Bank Natl. Trust Co. v Galloway, 169 AD3d 642, 643). The additional affidavits submitted by the defendant were improperly submitted for the first time in reply and should not have been considered by the Supreme Court (see Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612; Mortgage Elec. Registration Sys., Inc. v Losco, 125 AD3d 733, 734). In any event, the statements in these affidavits were insufficiently substantiated to warrant a hearing (see Nationstar Mtge., LLC v Azcona, 186 AD3d at 616; Wells Fargo Bank, NA v Burshstein, 172 AD3d 1437, 1440; TBF Fin., LLC v Eagle Tours, LLC, 172 AD3d 1269, 1271).
The defendant's remaining contentions are without merit.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court