Bank of N.Y. v Ilonzeh (2022 NY Slip Op 02106)





Bank of N.Y. v Ilonzeh


2022 NY Slip Op 02106


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2020-02268
 (Index No. 13757/07)

[*1]Bank of New York, etc., respondent, 
v
Michael Ilonzeh, appellant, et al., defendants.


Leila Rose-Gordon, Elmont, NY, for appellant.
Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michael Ilonzeh appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 25, 2019. The order denied that defendant's motion pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court dated January 25, 2019, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In February 2006, the defendant Michael Ilonzeh (hereinafter the defendant) secured a debt by a mortgage encumbering certain real property in West Hempstead. The plaintiff commenced this action on or about August 6, 2007, alleging that the defendant had failed to make mortgage payments as of April 1, 2007. The defendant failed to answer the complaint or appear. The Supreme Court ultimately issued a judgment of foreclosure and sale dated January 25, 2019.
Subsequently, the defendant moved pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him. In the order appealed from, entered November 25, 2019, the Supreme Court denied the defendant's motion.
"CPLR 308(2), inter alia, authorizes service by delivery of the summons within the state to a person of suitable age and discretion at the defendant's dwelling place, and mailing the summons to the defendant's last known residence" (Roberts v Anka, 45 AD3d 752, 753). "Ordinarily, a process server's sworn affidavit of service is prima facie evidence of proper service" (PNC Bank, N.A. v Lefkowitz, 185 AD3d 1069, 1070). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (Nationstar Mtge., LLC v Cohen, 185 AD3d 1039, 1040). "While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service" (PNC Bank, N.A. v Lefkowitz, 185 AD3d at 1070).
Here, the defendant failed to rebut the presumption of proper service established by the affidavit of service attesting that the defendant was served the summons and complaint pursuant to CPLR 308(2) on August 13, 2007, by delivering a copy to a person of suitable age and discretion [*2]at an address in Brooklyn listed as the defendant's address on the mortgage document, and by mailing a copy to the defendant at the same address. Although the defendant denied that he resided at the Brooklyn address, the tax return transcript included in the record, which was for the tax period ending on December 31, 2007, was not sufficient to prove the defendant's address on the date service was made. Accordingly, the defendant failed to substantiate his claim that he did not reside at the Brooklyn address on the date of service, and the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale (see Wells Fargo Bank, NA v Burshstein, 172 AD3d 1437, 1440).
CPLR 3215 permits a plaintiff to seek a default judgment against a defendant who does not appear, but, "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned" (id. § 3215[c]). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308 [internal quotation marks and citation omitted]). "To avoid dismissal pursuant to CPLR 3215(c), '[i]t is not necessary for a plaintiff to actually obtain a default judgment within one year of the default . . . [n]or is a plaintiff required to specifically seek the entry of a judgment within a year'" (Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d 619, 620, quoting US Bank N.A. v Dorestant, 131 AD3d 467, 469). "As long as the plaintiff has initiated proceedings for the entry of a judgment within one year of the default, there is no basis for dismissal of the complaint pursuant to CPLR 3215(c)" (Federal Natl. Mtge. Assn. v Edmund-Henry, 188 AD3d 652, 654).
Here, the plaintiff moved, inter alia, for an order of reference on November 30, 2007, which was well within the one-year time limit dictated by CPLR 3215(c). That the motion was denied was irrelevant for the purpose of satisfying CPLR 3215(c), as it was the filing of the motion, not its outcome, that manifested an intent not to abandon the action (see Deutsche Bank Natl. Trust Co. v Attard, 197 AD3d at 621). In any event, the branch of the defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him was untimely, as it was made after entry of the judgment of foreclosure and sale (see Citimortgage, Inc. v Behrman, 189 AD3d 1159, 1161; Ditech Fin., LLC v Rizzo, 175 AD3d 1243, 1245). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him.
The plaintiff's remaining contention is without merit.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court