Newlands Asset Holding Trust v Vasquez (2023 NY Slip Op 03926)

Newlands Asset Holding Trust v Vasquez

2023 NY Slip Op 03926

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-03424
 (Index No. 20888/08)

[*1]Newlands Asset Holding Trust, respondent,
v
Jose Vasquez, appellant, et al., defendants (and another title).

Jeremy M. Iandolo Law, P.C., Brooklyn, NY, for appellant.
Schiller, Knapp, Lefkowitz & Hertzel, LLP, Latham, NY (Daniel N. Young of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jose Vasquez appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered May 30, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, denied the cross-motion of the defendant Jose Vasquez to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a) and 3215(c), and for failure to comply with RPAPL 1303 and 1304, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In June 2007, the defendant Jose Vasquez (hereinafter the defendant) executed a note in the sum of $650,000, which was secured by a mortgage on certain real property located in Queens (hereinafter the subject premises). The defendant allegedly defaulted on the loan by failing to make the payments of principal and interest due in April 2008, and thereafter. In August 2008, Century Mortgage Company (hereinafter Century Mortgage) commenced the instant action to foreclose the mortgage against the defendant, among others. The defendant allegedly was personally served with process pursuant to CPLR 308(1) at the subject premises, but failed to appear, answer, or make a pre-answer motion to dismiss the complaint insofar as asserted against him within the time allowed.
In or around April 2009, Century Mortgage moved, inter alia, for an order of reference. In an order entered June 1, 2010, the Supreme Court denied the motion with leave to renew after a foreclosure settlement conference, which was held in June 2011. Thereafter, in September 2016, Century Mortgage renewed its motion, among other things, for an order of reference. In an order entered April 27, 2017, the court granted the renewed motion without opposition, amended the caption to substitute Newlands Asset Holding Trust as the plaintiff, and appointed a referee to compute the amount due on the mortgage loan.
In May 2017, the defendant moved by order to show cause, inter alia, pursuant to [*2]CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground that he was not properly served with the summons and complaint (hereinafter the first motion to dismiss). In an order entered October 10, 2017, the Supreme Court denied the first motion to dismiss on the ground that the defendant failed to properly serve the order to show cause in accordance with its terms. After the referee issued a report as to the amount due, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, and the defendant cross-moved to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211(a) on the grounds that he was not properly served with the summons and complaint and that Century Mortgage lacked standing to commence the action, pursuant to CPLR 3215(c) as abandoned, and for failure to comply with the notice requirements of RPAPL 1303 and 1304 (hereinafter the second motion to dismiss). In the order and judgment of foreclosure and sale appealed from, the court, inter alia, granted the plaintiff's motion and denied the second motion to dismiss. The defendant appeals.
Contrary to the plaintiff's contention, the Supreme Court erred in concluding that the "single motion rule" applied to bar consideration of that branch of the defendant's second motion to dismiss which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground that he was not properly served with the summons and complaint. The "single motion rule," which is contained in CPLR 3211(e), provides that "[a]t any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a) of this rule, and no more than one such motion shall be permitted." Thus, by the plain language of CPLR 3211(e), the "single motion rule" applies to pre-answer motions to dismiss (see id.; Bailey v Peerstate Equity Fund, L.P., 126 AD3d 738, 739; see also Lefkowitz v Kaye, Scholer, Fierman, Hays & Handler, 271 AD2d 576, 577).
Here, the defendant allegedly was personally served with the summons and complaint in August 2008. Therefore, the first motion to dismiss and the second motion to dismiss, which were made in 2017 and 2018, respectively, did not constitute motions to dismiss before service of a responsive pleading is required under CPLR 3211(e). Thus, the "single motion rule" does not apply to bar consideration of that branch of the second motion to dismiss which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant (see id. § 3211[e]; Lefkowitz v Kaye, Scholer, Fierman, Hays & Handler, 271 AD2d at 577). In any event, the second motion to dismiss did not violate the "single motion rule" since the first motion to dismiss was not decided on the merits (see Rivera v Board of Educ. of the City of N.Y., 82 AD3d 614, 614). Accordingly, the Supreme Court erred by denying that branch of the defendant's second motion to dismiss which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction on the ground that the "single motion rule" barred consideration of that branch of the motion, and should have considered the merits of that branch of the motion.
However, the defendant failed to rebut the presumption of proper service established by the process server's affidavit of service. "'A process server's affidavit of service constitutes prima facie evidence of proper service'" (American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d 1004, 1005, quoting Scarano v Scarano, 63 AD3d 716, 716; see Bank of N.Y. v Ilonzeh, 203 AD3d 1119, 1120). "'Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits'" (Federal Natl. Mtge. Assn. v Grossman, 205 AD3d 770, 771, quoting BAC Home Loans Servicing, LP v Carrasco, 160 AD3d 688, 689).
Here, the defendant failed to rebut the presumption of proper service established by the affidavit of service attesting that the defendant was personally served with a copy of the summons and complaint pursuant to CPLR 308(1) on August 21, 2008, at the subject premises. Although the defendant denied that he resided at the subject premises and averred that he was working at the time he allegedly was served, the evidence submitted by the defendant was not sufficient to prove his address on the date service was made, or that he was working and not at the subject premises (see Bank of N.Y. v Ilonzeh, 203 AD3d at 1120; Wells Fargo Bank, NA v Burshstein, 172 AD3d 1437, 1439-1440). Moreover, although the defendant denied ever receiving a copy of the summons and complaint at his home or place of business, he did not specifically deny [*3]receiving service of the summons and complaint at the subject premises.
Additionally, "[m]inor discrepancies between the appearance of the person allegedly served and the description of the person served in the affidavit of service are generally insufficient to raise an issue of fact warranting a hearing" (Deutsche Bank Natl. Trust Co. v Yurowitz, 181 AD3d 646, 648). "Further, the discrepancies must be substantiated by something more than a claim by the parties allegedly served that the descriptions of their appearances were incorrect" (US Bank, N.A. v Cherubin, 141 AD3d 514, 516; see Deutsche Bank Natl. Trust Co. v Yurowitz, 181 AD3d at 648).
Here, the affidavit of service stated that the individual served had brown hair, stood approximately 5 feet tall, and weighed approximately 140 pounds. In an affidavit in support of the second motion to dismiss, the defendant attempted to highlight discrepancies between these descriptions and his appearance, stating that he had been bald "for quite some time," stood approximately 5 feet, 9 inches tall, and had weighed approximately 190 pounds "for some[ ]time." However, the defendant's averments as to his hair and weight were insufficient to establish the defendant's appearance at the time of service (see Deutsche Bank Natl. Trust Co. v Yurowitz, 181 AD3d at 648; US Bank, N.A. v Cherubin, 141 AD3d at 516). Moreover, the defendant's papers in support of the second motion to dismiss, which included an affidavit from his wife and a copy of his New York State driver license, presented conflicting proof as to his height (see US Bank, N.A. v Cherubin, 141 AD3d at 516). Therefore, the defendant failed to rebut the presumption of proper service.
By virtue of his default in answering, the defendant is precluded from raising his defenses that Century Mortgage lacked standing and failed to comply with RPAPL 1303 and 1304 as grounds for dismissal of the complaint (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1011; HSBC Bank USA, N.A. v Masters, 176 AD3d 926, 928).
Moreover, the defendant was not entitled to dismissal of the complaint insofar as asserted against him as abandoned pursuant to CPLR 3215(c), since Century Mortgage took proceedings for the entry of a default judgment within one year of the default (see HSBC Bank USA, N.A. v Cupid, 210 AD3d 874, 876-877; Citibank, N.A. v Kerszko, 203 AD3d 42, 50; Aurora Loan Servs., LLC v Colleluori, 170 AD3d 1097).
The defendant's remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court