Citimortgage, Inc. v Cardali (2024 NY Slip Op 04123)

Citimortgage, Inc. v Cardali

2024 NY Slip Op 04123

Decided on August 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2022-07524
 (Index No. 604453/18)

[*1]Citimortgage, Inc., appellant, 
v
Robert Cardali, etc., respondent, et al., defendants.

Houser LLP, New York, NY (Kathleen M. Massimo and Zachary A. Victor of counsel), for appellant.
Charles Wallshein Esq. PLLC, Melville, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (David P. Sullivan, J.), dated August 15, 2022. The order, insofar as appealed from, granted those branches of the motion of the defendants Robert Cardali and Wendy Carrano Cardali which were to vacate so much of an order of the same court dated January 8, 2019, as granted those branches of the plaintiff's prior motion which were for leave to enter a default judgment and for an order of reference against the defendant Robert Cardali, to vacate an order and judgment of foreclosure and sale (one paper) of the same court entered October 18, 2019, as against the defendant Robert Cardali, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Robert Cardali.
ORDERED that the order dated August 15, 2022, is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Robert Cardali and Wendy Carrano Cardali which were to vacate so much of the order dated January 8, 2019, as granted those branches of the plaintiff's prior motion which were for leave to enter a default judgment and for an order of reference against the defendant Robert Cardali, to vacate the order and judgment of foreclosure and sale as against the defendant Robert Cardali, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant Robert Cardali are denied.
In April 2018, the plaintiff commenced this action against, among others, the defendants Robert Cardali and Wendy Carrano Cardali (hereinafter together the defendants) to foreclose a mortgage encumbering certain real property located in Glen Cove (hereinafter the property). After the matter was released from the foreclosure settlement part, the defendants did not answer the complaint or make a pre-answer motion to dismiss the complaint. In an order dated January 8, 2019, the Supreme Court granted the plaintiff's motion, inter alia, for leave to enter a default judgment against the defendants and for an order of reference, and appointed a referee to compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale entered October 18, 2019, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the property.
In June 2022, days before the property was scheduled to be sold, the defendants moved, inter alia, to vacate the order dated October 18, 2019, and the order and judgment of [*2]foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them. The plaintiff opposed the motion. The Supreme Court granted those branches of the defendants' motion which related to Robert Cardali, and, in effect, denied the remaining branches of the motion. The plaintiff appeals.
CPLR 5015(a)(4) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just," upon the ground of, inter alia, "lack of jurisdiction to render the judgment or order." "Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (Globe Trade Capital, LLC v Hoey, 199 AD3d 769, 771; see Wilmington Sav. Fund Socy., FSB v Zabrowsky, 212 AD3d 866, 868). "A process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Wells Fargo Bank, N.A. v Enitan, 200 AD3d 736, 738 [alterations and internal quotation marks omitted]; see Taron Partners, LLC v McCormick, 173 AD3d 927, 928; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits" (Taron Partners, LLC v McCormick, 173 AD3d at 928 [internal quotation marks omitted]). "A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit" (PennyMac Corp. v Barbosa, 189 AD3d 863, 865; see Matter of Romero v Ramirez, 100 AD3d 909, 910). "'Minor discrepancies between the appearance of the person allegedly served and the description of the person served in the affidavit of service are generally insufficient to raise an issue of fact warranting a hearing'" (Newlands Asset Holding Trust v Vasquez, 218 AD3d 786, 789, quoting Deutsche Bank Natl. Trust Co. v Yurowitz, 181 AD3d 646, 648).
Here, the process server's affidavit of service stated that Robert Cardali was served pursuant to CPLR 308(2) at his place of employment by delivery of the summons and complaint to an individual identified as a receptionist, who refused to give her name. This individual was described as a white female with brown hair, approximately 50 years old, approximately 5'6" tall, and weighing approximately 145 pounds. Robert Cardali's averment in his affidavit, which was submitted in support of the defendants' motion, that neither of the individuals at his office who would have been a receptionist fit that description and that one was 5'7" tall with long black hair, in her early 40s and physically fit was insufficient to raise an issue of fact (see Newlands Asset Holding Trust v Vasquez, 218 AD3d at 789). Moreover, Robert Cardali's unsupported averment that he asked each receptionist whether they were handed copies of the summons and complaint and both responded in the negative was insufficient to rebut the presumption of proper service created by the process server's affidavit (see Wells Fargo Bank, N.A. v Enitan, 200 AD3d at 739).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were to vacate so much of the order dated January 8, 2019, as granted those branches of the plaintiff's prior motion which were for leave to enter a default judgment and for an order of reference against Robert Cardali, to vacate the order and judgment of foreclosure and sale as against Robert Cardali, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against Robert Cardali.
In light of our determination, we need not reach the plaintiff's remaining contentions.
BARROS, J.P., CHAMBERS, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court