Johnson v 275 Clermont, LLC (2025 NY Slip Op 00851)

Johnson v 275 Clermont, LLC

2025 NY Slip Op 00851

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-09927
 (Index No. 514376/21)

[*1]Goddef Johnson, et al., appellants,
v
275 Clermont, LLC, et al., respondents.

Lorenzo DeLuca, Staten Island, NY, for appellants.
Goldberg Segalla LLP, New York, NY (Adam S. Katz and James M. Specyal of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that certain deeds are null and void, the plaintiffs appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 5, 2022. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.
In 1996, the plaintiffs' grandmother, Sylvia Johnson (hereinafter the grandmother), died intestate. At the time of her death, the grandmother was the sole owner of certain residential property located in Brooklyn (hereinafter the subject property). Upon the grandmother's death, title to the subject property transferred to her son, Gordon Johnson (hereinafter Johnson). On September 20, 2004, Johnson died intestate. The plaintiffs allege that they are Johnson's surviving children and are entitled to a share of the subject property.
The plaintiffs commenced this action, among other things, for a judgment declaring that two deeds (hereinafter the subject deeds) that they allegedly executed transferring their interests in the subject property to the defendant 275 Clermont, LLC (hereinafter Clermont, LLC), are null and void. The plaintiffs alleged, inter alia, that they did not receive consideration in exchange for purportedly transferring their interests in the subject property to Clermont, LLC, and, in effect, that they were fraudulently induced to execute the subject deeds by a person who was acting as an agent of Clermont, LLC. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In support of their motion, the defendants submitted, among other things, the subject deeds. The plaintiffs opposed the motion. In reply, the defendants submitted, inter alia, an affidavit of Michael Kaplan, which had annexed to it a copy of a purported amendment to a contract of sale and a copy of a check.
The Supreme Court granted dismissal of the complaint pursuant to CPLR 3211(a)(3), determining that the plaintiffs lacked standing to commence this action because they sold their interests in the subject property before commencing the action. The court also granted dismissal of the complaint pursuant to CPLR 3211(a)(1), finding that the defendants submitted documentary [*2]evidence demonstrating that the plaintiffs received consideration for the sale of their interests in the subject property. The plaintiffs appeal.
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "[T]o be considered 'documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86). "Neither affidavits, deposition testimony, nor letters are considered documentary evidence within the intendment of CPLR 3211(a)(1)" (J.A. Lee Elec., Inc. v City of New York, 119 AD3d 652, 653 [internal quotation marks omitted]).
Here, in support of their motion, the defendants submitted, among other things, the subject deeds, which did not utterly refute the factual allegations in the complaint and conclusively establish a defense to the causes of action as a matter of law. In addition, the defendants improperly submitted Kaplan's affidavit, the purported amendment to a contract of sale, and the copy of a check for the first time with their reply papers (see Kogut v Village of Chestnut Ridge, 214 AD3d 777, 780; Davis v Henry, 212 AD3d 597, 598; Deutsche Bank Natl. Trust Co. v Fitzsimmons, 193 AD3d 913). Contrary to the defendants' contention, the exception for evidence submitted in response to a contention raised for the first time in opposition papers was not applicable here (see Kogut v Village of Chestnut Ridge, 214 AD3d at 780). In any event, even if this evidence were properly considered, Kaplan's affidavit did not constitute documentary evidence (see Davis v Henry, 212 AD3d at 598). In addition, the purported amendment to the contract of sale and the copy of the check did not utterly refute the factual allegations in the complaint and conclusively establish a defense to the causes of action as a matter of law.
Accordingly, the Supreme Court should have denied dismissal of the complaint pursuant to CPLR 3211(a)(1).
"On a defendant's motion to dismiss the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing as a matter of law" (U.S. Bank N.A. v Marrero, 221 AD3d 631, 633 [internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 89-90). Here, the defendants failed to establish, prima facie, that the plaintiffs lacked standing to commence this action, as it is undisputed that the plaintiffs had an interest in the subject property at the time of the alleged transfer (see Beharrie v MRAG Dev., LLC, 210 AD3d 945, 945-946; Fleming v Kamden Props., LLC, 41 AD3d 781, 781). Therefore, the Supreme Court should have denied dismissal of the complaint pursuant to CPLR 3211(a)(3).
The defendants' contention that the appeal should be dismissed as moot is without merit.
The Supreme Court did not reach the defendants' contentions that the complaint should be dismissed pursuant to CPLR 3211(a)(5), (7), and (10). We remit the matter to the Supreme Court, Kings County, for a new determination of the defendants' motion after considering these grounds.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court