Matter of Jest Holdings, LLC v Welz (2025 NY Slip Op 03573)

Matter of Jest Holdings, LLC v Welz

2025 NY Slip Op 03573

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2022-10482
2023-03282
 (Index No. 520606/21)

[*1]In the Matter of Jest Holdings, LLC, appellant,
v
Bernard Welz, respondent.

Solomon Rubin, Brooklyn, NY, for appellant.
Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated August 10, 2021, the petitioner appeals from (1) an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated November 1, 2022, and (2) an order of the same court dated March 2, 2023. The order dated November 1, 2022, granted the respondent's motion pursuant to CPLR 5015(a)(4) to vacate an order of the same court dated June 30, 2022, granting the petition to confirm the arbitration award, and pursuant to 3211(a)(8) to dismiss the petition, and denied that branch of the petitioner's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the notice of petition and petition upon the respondent. The order dated March 2, 2023, insofar as appealed from, upon reargument, adhered to the determination in the order dated November 1, 2022, granting that branch of the respondent's motion which was pursuant to CPLR 3211(a)(8) to dismiss the petition and denying that branch of the petitioner's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the notice of petition and petition upon the respondent.
ORDERED that the appeal from so much of the order dated November 1, 2022, as granted that branch of the respondent's motion which was pursuant to CPLR 3211(a)(8) to dismiss the petition and denied that branch of the petitioner's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the notice of petition and petition upon the respondent is dismissed, as that portion of the order was superseded by the portion of the order dated March 2, 2023, made upon reargument; and it is further,
ORDERED that the order dated November 1, 2022, is reversed insofar as reviewed, on the law, and that branch of the respondent's motion which was pursuant to CPLR 5015(a)(4) to vacate the order dated June 30, 2022, is denied; and it is further,
ORDERED that the order dated March 2, 2023, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order dated November 1, 2022, granting that branch of the respondent's motion which was pursuant to CPLR 3211(a)(8) to dismiss the petition, and substituting therefor a provision, upon reargument, vacating that determination in the order dated November 1, 2022, and, thereupon, denying that branch of the motion; as so modified, the order dated March 2, 2023, is affirmed insofar as appealed from; and it [*2]is further,
ORDERED that one bill of costs is awarded to the petitioner.
In August 2021, the petitioner commenced this proceeding pursuant to CPLR article 75 to confirm an arbitration award dated August 10, 2021, which was in favor of the petitioner and against the respondent in the sum of $777,286.65 plus certain per diem interest. The notice of petition provided that there was a hearing scheduled for September 9, 2021, and that answering papers needed to be served at least seven days before that date. The Supreme Court subsequently adjourned the hearing date to December 9, 2021. The respondent failed to appear or answer the petition. In an order dated June 30, 2022, the court granted the petition to confirm the arbitration award.
In September 2022, the respondent moved pursuant to CPLR 5015(a)(4) to vacate the order dated June 30, 2022, confirming the arbitration award, for failure to obtain personal jurisdiction, and pursuant to CPLR 3211(a)(8) to dismiss the petition for lack of personal jurisdiction based on the petitioner's failure to properly serve the respondent. The petitioner opposed the motion and cross-moved, inter alia, pursuant to CPLR 306-b to extend the time to serve the notice of petition and petition upon the respondent. In an order dated November 1, 2022, the Supreme Court, among other things, granted the respondent's motion and denied that branch of the petitioner's cross-motion.
The petitioner thereafter moved for leave to reargue its opposition to that branch of the respondent's motion which was pursuant to CPLR 3211(a)(8) to dismiss the petition and that branch of its cross-motion which was pursuant to CPLR 306-b to extend the time to serve the notice of petition and petition upon the respondent. The respondent opposed the petitioner's motion. In an order dated March 2, 2023, the Supreme Court granted leave to reargue and, upon reargument, adhered to the determination in the order dated November 1, 2022, granting that branch of the respondent's motion which was pursuant to CPLR 3211(a)(8) to dismiss the petition and denying that branch of the petitioner's cross-motion which was pursuant to CPLR 306-b to extend the time to serve the notice of the petition and petition upon the respondent. The petitioner appeals from the order dated November 1, 2022, and the order dated March 2, 2023.
"A process server's affidavit of service constitutes prima facie evidence of proper service" (TBF Fin., LLC v Eagle Tours, LLC, 172 AD3d 1269, 1269; see Sperry Assoc. Fed. Credit Union v Lee, 193 AD3d 1012, 1013). "However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted" (U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988; see Sperry Assoc. Fed. Credit Union v Lee, 193 AD3d at 1013). "'A minor discrepancy between the appearance of the person allegedly served and the description of the person served contained in the affidavit of service is generally insufficient to raise an issue of fact warranting a hearing'" (Deutsche Bank Natl. Trust Co. v Fitzsimmons, 193 AD3d 913, 915, quoting PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115; see Newlands Asset Holding Trust v Vasquez, 218 AD3d 786, 789).
Here, the affidavit of the petitioner's process server established, prima facie, proper service pursuant to CPLR 308(2) (see Sperry Assoc. Fed. Credit Union v Lee, 193 AD3d at 1013; Marathon Structured Asset Solutions Trust v Fennell, 153 AD3d 511, 512). In opposition, the affirmations submitted by the respondent were insufficient to rebut the presumption of proper service created by the process server's affidavit (see Newlands v Asset Holding Trust v Vasquez, 218 AD3d at 789; Marathon Structured Asset Solutions Trust v Fennell, 153 AD3d at 512). The affidavit of the process server provided that an individual at the respondent's residence was served. The individual who was served, while she refused to give a name, was identified as the respondent's daughter and was described as having black hair, standing approximately 5 feet and 7 inches tall, and weighing approximately 170 pounds. The respondent denied that his daughter was served. The respondent's daughter submitted an affirmation, in which she denied receiving the papers and stated that she had brown, rather than black, hair and that she did not weigh more than 145 pounds at the time of the alleged service. These are minor discrepancies that failed to adequately rebut the presumption of proper service (see Newlands Asset Holding Trust v Vasquez, 218 AD3d at 789; [*3]Deutsche Bank Natl. Trust Co. v Fitzsimmons, 193 AD3d at 915).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court should have denied the respondent's motion pursuant to CPLR 5015(a)(4) to vacate the order dated June 30, 2022, and pursuant to 3211(a)(8) to dismiss the petition.
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court